IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAURY VARELA,

    Plaintiff,

vs.                                                CV 05-440 JP/ACT

PUBLIC SERVICE COMPANY OF
NEW MEXICO,

    Defendant.

MEMORANDUM OPINION AND ORDER
AND ORDER OF DISMISSAL (COUNT 2)
AND ORDER OF REMAND (COUNTS 1 AND 3)

      On December 15, 2005, Defendant Public Service Company of New Mexico filed a motion for summary judgment. (Docket No. 26). At a pre-trial conference held on January 12, 2006, Plaintiff Maury Varela was represented by Attorney Joshua Simms and Defendant was represented by Attorney John Zeigler. After hearing oral argument on Defendant's motion for summary judgment, the Court orally granted Defendant's motion as to Count 2 of Plaintiff's complaint, and ordered that Count 1 and Count 3 be remanded. Specifically, the Court first found that Plaintiff had failed to respond to Defendant's arguments on Count 2, and was therefore deemed to have consented to the granting of Defendant's motion as to Count 2. *See* D.N.M.L.R.-Civ. 7.1(b) (2005). Second, the Court found that Defendant's motion should be granted on its merits as to Count 2.

      Count 1 of Plaintiff's complaint, originally filed on March 21, 2005, in the Second Judicial District Court for the County of Bernalillo, State of New Mexico, is an appeal of the notice of

non-determination issued from the New Mexico Human Rights Division on Plaintiff's charges of national-origin discrimination and retaliation. Count 2 of Plaintiff's complaint is for "failure to train and supervise," and Count 3 is for "harassment." Defendant removed to federal court based upon federal question jurisdiction regarding Count 2 of Plaintiff's complaint. 28 U.S.C. §§ 1331 & 1441 (2006).

In its motion, Defendant argued that Count 2 of Plaintiff's complaint is completely preempted by Section 301 of the Labor Management and Relations Act ("LMRA"). 29 U.S.C. § 185 (2006). Under the complete preemption doctrine, "if a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23-24 (1983). *See also Caterpillar Inc. v. Williams*, 482 U.S. 386 ("Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessary federal in character."). Section 301 of the LMRA provides that "[s]uits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185. The Supreme Court has ruled that § 301 is "a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Allis-Chalmers Corp., v. Lueck*, 471 U.S. 202, 209 (1985). Thus § 301 completely preempts breach of employment contract suits covered by collective-bargaining agreements. *Id.* at 213. Further, § 301 completely preempts state tort suits that are "inextricably intertwined with consideration of the terms of the labor contract," meaning that the state law "purports to define the meaning of the contract

relationship." *Id.* at 213.

However, "not every dispute concerning employment, or tangentially involving a provision of a collective bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law." *Id.* at 211. For example, § 301 does not preempt "state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Id.* at 212. A state tort suit is not completely preempted by § 301 just because resolution of the state tort relies on facts that would be pertinent to construing a collective bargaining agreement. As the Supreme Court explained in *Lingle v. Norge Division of Magic Chef, Inc.*:

> [Section] 301 pre-emption merely ensures that federal law will be the basis for interpreting collective-bargaining agreements, and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements. In other words, even if dispute resolution pursuant to a collective bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for § 301 pre-emption purposes."

*Lingle,* 486 U.S. 399, 410 (1988). *See also Garley v. Sandia Corp.*, 236 F.3d 1200 (10th Cir. 2001). Thus, the issue is whether Plaintiff's Count 2 failure to train and supervise claim is "inextricably intertwined" with his collective-bargaining agreement.

In New Mexico, an individual or entity may be held liable in tort for negligent supervision of an employee if the employer knew or reasonably should have known that harm might be caused by the acts or omissions of the employee. *See F&T Co. v. Woods*, 92 N.M. 697, 699 (1979); *Los Ranchitos v. Tierra Grande, Inc.*, 116 N.M. 222, 228-29 (Ct. App. 1993). Defendant argues that "[a]ny duty to effectively supervise employees or breach of such duty is inextricably intertwined

3

with the issue of discipline . . . The CBA covers the issue of discipline and related procedures. . . the Complaint requires the Court to interpret the provisions of the CBA regarding PNM's right to make and enforce reasonable rules and regulations governing the operation of its business, the conduct of its employees, and to discipline its employees." (Docket No. 26 at pg 27).

Defendant's argument has merit. For example, if the Court were to find that Defendant was negligent in its supervision of employees, then the Court would be defining how Defendant should reasonably govern the operation of its business. Thus, the Court finds that Plaintiff's negligent supervision claim is completely preempted by the LMRA.

When a claim is completely pre-empted by the LMRA, a court may either treat the claim as arising under the LMRA or dismiss without prejudice. *See Allis-Chalmers*, 471 U. S. at 220-221. At the pre-trial conference, counsel for Plaintiff made clear that Plaintiff was alleging only state law claims in his complaint and was not attempting to pursue a claim under the LMRA. However, counsel for Plaintiff acknowledged that if Plaintiff's Count 2 claim were asserted as a LMRA cause of action, it would be barred by the applicable statute of limitations. *See* 29 U.S.C. § 160(b); *Del Costello v. Int'l Bro. of Teamsters*, 462 U.S. 151 (1983).

Because Count 2 is completely preempted by the LMRA, and because Plaintiff agreed that his Count 2 claim, if made under the LMRA, would be time barred, the Court will dismiss Count 2 with prejudice. Further, since Count 2 is the only asserted basis for federal jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims. *See, e.g., United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002). Counts 1 and 3 of Plaintiff's complaint therefore will be remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

IT IS THEREFORE ORDERED THAT Defendant Public Service Company of New Mexico's Motion for Summary Judgment (Docket No. 26) is GRANTED, in part, in that Count 2 of Plaintiff's complaint will be DISMISSED with prejudice in a separate partial summary judgment entered contemporaneously with this Memorandum Opinion and Order and Order of Dismissal (Count 2) and Order of Remand (Counts 1 and 3).

IT IS FURTHER ORDERED THAT Count 1 and Count 3 of Plaintiff's complaint are REMANDED to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE